**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| MARIN LEANOS,<br><br>  Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br>and BANK OF AMERICA, N.A.,<br><br>  Defendants. | Civil Action No.: 2:21-cv-00133-SPC-MRM<br><br><br>FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff Marin Leanos ("Plaintiff") brings this action against defendants Experian Information Solutions, Inc. ("Experian") and Bank of America, N.A. (BANA) (collectively, "Defendants") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1.      This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* Defendant Experian has been reporting inaccurate account balance and amount past due information regarding Plaintiff's charged off BANA account on Plaintiff's credit reports. Although Plaintiff disputed the reporting in writing, Experian failed to investigate Plaintiff's claims and failed to remove the misleading information.

2.      To make matters worse, Defendants then penalized Plaintiff for submitting a dispute by changing key dates on Plaintiff's Bank of America account to make an old delinquency appear more recent. Specifically, Defendants changed the "Date of Status" field on the BANA account from June 2017 to July 2017. The Date of Status field, however, informs prospective

- 1 -

creditors of the date a delinquency occurred, and reflects a static date that should not change. Defendants thus made it appear that Plaintiff's delinquencies occurred more recently, which adversely affected Plaintiff's credit score.

3.      Plaintiff was later denied an extension of credit based on information contained in Plaintiff's Experian report, and has been forced to deal with the aggravation and humiliation of a poor credit score.  Accordingly, Plaintiff is entitled to damages.

## JURISDICTION AND VENUE

4.      The claims asserted in this complaint arise under §1681e, §1681i and §1681s-2(b) of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

5.      Venue is proper in this judicial district under 28 U.S.C. §1391(b).

## PARTIES

6.      Plaintiff resides in Fort Myers, Florida, and qualifies as a "consumer" as that term is defined under 15 U.S.C. §1681a(c).  Plaintiff is an individual.

7.      Defendant Experian is a foreign corporation that regularly conducts business in this judicial district.  Experian qualifies as a "consumer reporting agency" under the FCRA.

8.      Defendant BANA is a foreign corporation that regularly conducts business in this judicial district. BANA qualifies as a "furnisher" of credit information under the FCRA.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

9.      The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that

consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. §1681a.

10.    To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

11.    In addition, credit bureaus must promptly notify the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

12.    Experian compiles, maintains, and reports information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

13.    Plaintiff has a legally protected interest in Defendants fulfilling their duties under the FCRA.

**Defendants Violated the FCRA by Reporting Inaccurate Information on Plaintiff's Credit Reports, and Subsequently Failed to Investigate and Correct the Inaccurate Information**

14.    Experian sold credit reports containing inaccurate amount past due information Plaintiff's Bank of America account.

15.    On April 8, 2020, Plaintiff disputed the erroneous reporting by submitting a written dispute through Experian's compliance division. The dispute letter asked Experian to verify the dates the accounts were opened, the dates of status, and the dates the accounts were first reported.

16.    Experian notified Bank of America of Plaintiff's dispute letter, as required by federal statute.

17.     The receipt of Plaintiff's dispute letter triggered Experian's obligation to conduct an investigation and correct the reporting.

18.     Defendants, however, failed to conduct an investigation and failed to correct the reporting.

19.     To make matters worse, Defendants changed the "Date of Status" field and payment history grid on Plaintiff's credit report from June 2017 to July 2017 to make Plaintiff's past delinquency appear more recent.

20.     Those fields, however, reflects static dates that should never change. By re-aging the account to reflect a more recent delinquency, Defendants adversely affected Plaintiff's credit score and perceived creditworthiness.

21.     Plaintiff was later denied the extension of further credit on the basis of the inaccurate reporting.

**Experian Failed to Maintain Adequate Policies and Procedures**

22.     Experian systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to ensure the maximum possible accuracy of the information in the consumer background reports it published.

23.     Upon receiving Plaintiff's dispute, Experian was legally required, but failed, to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

24.     Accordingly, Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, by missing opportunities, and by being denied the ability to procure additional credit.

## CAUSES OF ACTION

## COUNT I

### Against Experian for Violations of the FCRA, 15 U.S.C. §1681e and §1681i

25.     Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

26.     The FCRA imposes a duty on credit reporting agencies to devise and implement

procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

> 15 U.S.C. §1681e(b) (emphasis added).

27.     Upon receiving a consumer's dispute, credit reporting agencies are legally required

to conduct an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

> *Id.* §1681i(a)(1) (emphasis added).

28.     Experian failed to follow reasonable procedures to ensure the maximum possible

accuracy of the information reported on Plaintiff's credit reports. Although Plaintiff disputed the

inaccurate information in writing, Experian willfully, or at least negligently, failed to perform a

reasonable investigation and failed to remove the inaccurate information.

29.    Experian's willful and/or negligent failure to follow reasonable policies and procedures, failure to perform a reasonable investigation and failure to remove the inaccurate information was a direct and proximate cause of Plaintiff's injury.

30.    Experian also failed to maintain adequate procedures to ensure that improper changes were not made to Plaintiff's credit report.

31.    As a result of Experian's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §1681n and §1681o.

## COUNT II

### Against BANA for Violations of the FCRA, 15 U.S.C. §1681s-2(b)

32.    Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

33.    Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary, as follows:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A)    conduct an investigation with respect to disputed information;
>
> (B)    review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C)    report the results of the investigation to the consumer reporting agency; [and]
>
> (D)    if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

15 U.S.C. § 1681s-2(b).

34.     BANA failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice thereof from Experian.

35.     BANA willfully, intentionally, recklessly, and/or negligently continued to report inaccurate information to Experian.

36.     Instead of removing the inaccurate information, BANA improperly verified that the reporting was accurate, and changed the dates on Plaintiff's credit reports.

37.     As a result of BANA's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score and emotional distress.

38.     BANA's misconduct was a direct and proximate cause of Plaintiff's damages.

39.     Plaintiff is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §1681n and §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a)     awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b)     awarding attorney's fees and costs, and other relief; and

c)     awarding such other relief as to this Court may seem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:  March 15, 2021                        **COHEN & MIZRAHI LLP**

                                                    */s/ Yosef Steinmetz*
                                                    Yosef Steinmetz

                                                    300 Cadman Plaza West, 12th Floor
                                                    Brooklyn, NY  11201
                                                    Telephone: 929/575-4175
                                                    929/575-4195 (fax)
                                                    yosef@cml.legal

                                                    *Attorneys for Plaintiff*